IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CURTIS A. HINES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 04-0698-WS-M |
| | ) |
| AETNA LIFE INSURANCE COMPANY, | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

    This matter is before the Court on the plaintiff's motion to strike the defendant's affirmative defense of ERISA preemption. (Doc. 12). The defendant has filed two responses, (Docs. 13, 16), while the plaintiff has elected to file no reply. After carefully considering the foregoing materials and all other relevant materials in the file, the Court concludes that the motion to strike is due to be denied.

    The complaint alleges that one Mikal Storm was covered by a group life insurance policy issued by the defendant to employees of Storm's employer. (Complaint, ¶ 5). After leaving this employment, Storm applied to the defendant to convert his group life policy to an individual policy. (*Id.*, ¶ 6). Storm died shortly after the individual policy issued, apparently by his own hand. (*Id.*, ¶ 7). The defendant denied benefits to the plaintiff (the named beneficiary under the individual policy) because the policy contains a two-year suicide exclusion. (*Id.*, ¶¶ 4, 9).

    The complaint alleges that the group policy did not contain a suicide exclusion. (Complaint, ¶ 10). It also alleges that the application for conversion did not indicate that the individual policy would contain such an exclusion. (*Id.*). Finally, the complaint alleges that, "[u]nder the applicable law, Mr. Storm was entitled to converted individual insurance coverage in the same form as that provided for in his group policy," (*id.*, ¶ 11), that is, without a suicide exclusion.

    The defendant filed an answer on November 1, 2004. (Doc. 2). The sixth affirmative defense is that "[p]laintiff's state law claims are pre-empted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § § 1001, et seq." (*Id.* at 2, ¶ 6). On February 18, 2005, the

defendant moved for leave to file an amended answer to add several affirmative defenses, including failure to seek rehearing or appeal as required by ERISA. (Doc. 10 Attachment, ¶ 20). On February 28, 2005, the plaintiff filed its motion to strike the defendant's "affirmative defense of ERISA pre-emption, and all defenses related thereto," (Doc. 12 at 3), on the grounds that they are legally insufficient. On March 8, 2005, the Court granted the defendant's motion for leave to amend but invited further briefing on the motion to strike. (Doc. 14).

The defendant first argues that the motion is untimely because it was not filed within 20 days after the answer asserting ERISA preemption was filed. (Doc. 13 at 1-2; Doc. 16 at 1-2). While it is true that such a motion is contemplated within 20 days of the filing of the pleading to which it is directed, the Court may order an insufficient defense stricken "upon [its] own initiative at any time." Fed. R. Civ. P. 12(f). Based on this authority, courts have concluded that they have discretion to consider even untimely motions to strike. *E.g., Coolidge v. Judith Gap Lumber Co.*, 808 F. Supp. 889, 893 (D. Me. 1992); *accord* C. Wright & A. Miller, Federal Practice and Procedure § 1380 at 399-402 (3rd ed. 2004). Accordingly, the Court will consider the merits of the motion to strike.[1]

"Courts disfavor the motion to strike ...." 2 J. Moore, Moore's Federal Practice § 12.37[1] (3rd ed. 2000). "[T]he movant must make a strong showing to succeed in striking an affirmative defense. It should be stricken only where it is [legally] insufficient on the face of the pleadings." *Id*. § 12.37[4]; *accord Fabrica Italiana Lavorazione Materie Organiche v. Kaiser Aluminum & Chemical Corp.*, 684 F.2d 776, 779 (11th Cir. 1982)(the defense must be insufficient "as a matter of law"). At the risk of oversimplification, the issue is whether the plaintiff's claim "relates to" an ERISA plan when he seeks to avoid the effect of a suicide exclusion in the conversion policy by arguing that the decedent was legally entitled to a policy "in the same form as" the group policy, i.e., one without a suicide exclusion. As discussed below, the answer to that question remains elusive, and that uncertainty demonstrates that the plaintiff has not shown the ERISA defenses insufficient "as a matter of

---

[1] The Court notes that, because the motion to strike was filed within 20 days after the defendant moved to amend its answer to add a second defense based on ERISA, the motion to strike was timely filed as to that defense.

law."[2]

The plaintiff cites to cases suggesting that, once a conversion policy is issued, questions concerning payment of benefits under the conversion policy do not relate to an ERISA plan. (Doc. 12, ¶ 5). *See also Waks v. Empire Blue Cross/Blue Shield*, 263 F.3d 872, 878 (9th Cir. 2001). In none of these cases, however, did the claimant refer back to the group policy as part of an effort to challenge the express terms of the conversion policy.

The defendant's cases, (Doc. 16 at 3-4), are similarly inconclusive. Several involve misconduct occurring prior to conversion and influencing the employee's choice of a post-employment policy. While others appear to support the proposition that all issues concerning a conversion policy automatically implicate ERISA preemption under a "but for" theory of causation,[3] many courts hold precisely the opposite. *See, e.g., Wright v. Anthem Life Insurance Co.*, 2000 WL 870807 at *7 (N.D. Miss. 2000)(collecting cases).

The wild card in the analysis, ignored by both parties, may be the meaning to be assigned the plaintiff's reference to "applicable law" as requiring conversion coverage without a suicide exclusion. (Complaint, ¶ 11). If the law at issue is state law, if state law requires a conversion policy identical to the group policy, and if the plaintiff is looking to the group policy only to show its terms for purposes of application of state law, it may be that his claim bears insufficient connection with the group plan to be preempted by ERISA. Alternatively, it may be that such a state law falls within ERISA's savings clause.[4] For now, it is sufficient to note that neither party's submissions are adequate to support a definitive ruling on the preemption issue.

---

[2]This discussion addresses specifically only the defense of ERISA preemption, as that is the only one addressed by the parties. However, the defense of failure to exhaust remedies as required by ERISA presumably can have no application if the ERISA preemption defense falls.

[3]That is, but for the group policy the employee would never have received a conversion policy.

[4]*See generally International Resources, Inc. v. New York Life Insurance Co.*, 950 F.2d 294, 300 (6th Cir. 1991)(a state statute that required conversion policies issued by successor insurers to be substantially similar to the policies issued by their predecessors fell within ERISA's savings clause).

For the reasons set forth above, the plaintiff's motion to strike is **denied**.

DONE and ORDERED this 18th day of April, 2005.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE
